IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEHI ROLLER MILLS CO., INC.,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>CAL-AGREX, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:06-CV-1001 TS |

The Court has before it Defendant Cal-Agrex, Inc.'s ("Cal-Agrex") Motion for Summary Judgment,[1] Plaintiff Lehi Roller Mills, Inc.'s ("LRM") Motion for Partial Summary Judgment Re Defendant's Liability for Unjust Enrichment,[2] LRM's Motion for Partial Summary Judgment Re Defendant's Affirmative Defenses,[3] and Cal-Agrex's Motion to Strike Portions of LRM's Declarations in Support of Motions for Partial Summary Judgment and Request for Judicial Notice.[4]

---

[1]Docket No. 85.

[2]Docket No. 76.

[3]Docket No. 80.

[4]Docket No. 109.

1

Having reviewed the parties' respective arguments, the Court enters the following Order.

I. BACKGROUND

The Court has set forth previously the background of this dispute in its Memorandum Decision and Order denying Defendant's Motion to Dismiss.[5] Although the present motions come before the Court on summary judgment after the benefit of additional discovery, the Court finds that its prior rehearsal of the facts remains an accurate summary of these proceedings. Except where specifically noted, these facts remain undisputed.

On August 1, 2006, LRM entered into a contract with Cesar Diomampo ("the Diomampo Agreement") for the sale of 300 truckloads of non-fat dry milk ("NDM"). Under the terms of the Agreement, LRM agreed to ship 15 to 20 truckloads of NDM to Diomampo on a weekly basis, and Diomampo agreed to pay LRM $.60 per pound of NDM. Diomampo was a resident of the Philippines. Rather than ship the milk to the Philippines, Diomampo instructed LRM to ship the NDM to another company in the United States, Cal-Agrex. In accordance with these instructions, LRM shipped a total of 67 truckloads of NDM to Cal-Agrex.

LRM communicated directly with Cal-Agrex for the shipments. Cal-Agrex made special requests of LRM for the packaging and labeling of the NDM bags and containers. Cal-Agrex accepted all of the shipments. Although LRM was to receive wire payment for the truckloads of NDM shipped to Cal-Agrex, Diomampo failed to make any of the payments. The required payments totaled $1,661,707.20.

---

[5]*See* Docket No. 27.

On December 1, 2006, LRM commenced the present action against Diomampo and his company, Asian Trade. The Complaint alleged claims for breach of contract and unjust enrichment and requested a declaratory judgment that LRM was not required to ship any additional truckloads of NDM under the Agreement given the default. LRM served Diomampo, but he did not respond to the Complaint. Accordingly, on January 22, 2007, LRM received a certificate of default from the Clerk of Court. Diomampo did not take any action to set aside the default so LRM moved for default judgment. On June 27, 2007, the court entered default judgment against Diomampo in the amount of $1,661,707.20 plus costs.

LRM conducted discovery while attempting to enforce its judgment against Diomampo. This discovery included a third-party deposition of Cal-Agrex and its principals. LRM also obtained document discovery from Cal-Agrex. The discovery showed, and it is now undisputed, that Cal-Agrex received all of the shipments of the NDM but made no payment to Diomampo, Asian Trade, or LRM. Cal-Agrex sold these same truckloads of NDM to third parties for a substantial profit.[6]

On April 17, 2008, LRM commenced an action against Cal-Agrex alleging unjust enrichment. That action was assigned to Senior Judge Bruce Jenkins, who consolidated the action into LRM's action against Diomampo and Asian Trade. The undersigned received this case on reassignment on January 4, 2011.

Neither party asserts that there is a contractual agreement between LRM and Cal-Agrex. Instead, LRM contends that Cal-Agrex is liable to LRM for its alleged profits on the NDM it

---

[6]The parties dispute the exact amount of this profit.

received from LRM without payment under the theory of unjust enrichment. LRM claims that Cal-Agrex and Diomampo have a close, established business relationship. LRM contends that Diomampo was acting as an undisclosed agent for Cal-Agrex with respect to the acquisition of the NDM from LRM and that he was acting in concert with the principals of Cal-Agrex to avoid payment to LRM.

Cal-Agrex disputes that Diomampo operated as its agent in entering the Agreement with LRM. Cal-Agrex contends that it is merely a customer of Diomampo and any claim for recovery LRM may have lies with Diomampo.

Cal-Agrex further contends that LRM was never entitled to the proceeds of the NDM. Cal-Agrex argues that LRM received the NDM from two companies, R&J Feed Company ("R&J") and Hansen Feed Yard ("Hansen"), who agreed to give LRM title to the NDM to allow LRM to provide processing and clerical services in exchange for a flat fee of 14 cents per pound of NDM. The actual proceeds for any sale of NDM to the actual customer were to be disbursed to R&J and Hansen.

The parties have moved for summary judgment on their respective positions. In addition, LRM has moved for summary judgment on several of Cal-Agrex's affirmative defenses. The Court will now discuss these motions in turn.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[7] In considering whether

---

[7] *See* Fed.R.Civ.P. 56(a).

genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[8] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[9] In opposing a motion for summary judgment, "[t]he nonmoving party 'may not rest upon the mere allegations or denials of his pleadings' to avoid summary judgment."[10]

## III. CAL-AGREX'S MOTION FOR SUMMARY JUDGMENT

Cal-Agrex contends it is entitled to entry of summary judgment in its favor because (1) LRM has an adequate remedy at law and is therefore barred from seeking equitable relief, and (2) LRM cannot prove it has provided any benefit to Cal-Agrex or that any benefit received by Cal-Agrex belongs in equity to LRM.

A. ADEQUATE REMEDY AT LAW

Cal-Agrex argues that it is entitled to summary judgment in its favor because LRM has an adequate remedy at law: breach of contract against its suppliers R&J and Hansen. In support of this argument, Cal-Agrex points to the well-established principle that there can be no claim for unjust enrichment when a plaintiff has failed to pursue its available remedies at law.[11] On this principle, Cal-Agrex contends that under LRM's contracts with R&J and Hansen, LRM was only

---

[8]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[9]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[10]*Baccus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Anderson*, 477 U.S. at 248).

[11]*See* Docket No. 89, at 11 (citing Utah cases).

entitled to a flat fee of 14 cents per pound of NDM that LRM processed on behalf of R&J and Hansen. Cal-Agrex argues that R&J and Hansen breached this agreement by failing to pay LRM its 14 cents per pound processing fee and this Court should require LRM to pursue its contractual remedy against R&J and Hansen before seeking equitable relief against Cal-Agrex.

In response, LRM argues that even if it may have a claim against R&J and Hansen, this remedy is separate and distinct from its claims against Cal-Agrex. LRM notes to the Court that an available legal remedy only has preclusive effect on an equitable cause of action when the legal remedy covers the same specific subject matter as the equitable remedy sought.[12] In support of this argument, LRM cites to *American Towers Owners Association v. CCI Mechanical, Inc.*, where the Utah Supreme Court found that a plaintiff's unjust enrichment claim was pre-empted by "a construction contract which addresses the specific subject matter of the Association's unjust enrichment claim."[13] Similarly, LRM cites to *Mann v. American Western Life Insurance Company*, where the Utah Supreme Court found that "[r]ecovery in quasi contract is not available where there is an express contract covering the subject matter of the litigation."[14]

Applying this principle to the case at hand, the Court finds that LRM's unjust enrichment claim against Cal-Agrex is separate and distinct from any claim it may have against R&J and Hansen. Notably, the two separate claims concern different ends of the distribution chain. LRM's agreement with R&J and Hansen concerns the *supply* of NDM *to* LRM. Under this

---

[12]*See* Docket No. 111, at 4 (citing cases).

[13]930 P.2d 1182, 1193 (Utah 1996).

[14]586 P.2d 461, 465 (Utah 1978).

agreement, LRM was given title to the NDM and was to provide processing and clerical services in exchange for a sum certain. LRM's claims against Cal-Agrex, by contrast, concern the *purchase* of NDM *from* LRM. Under these claims, LRM contends that it provided NDM to which it held title to Cal-Agrex without receiving compensation. The Court finds this claim distinct from any claim LRM may have against R&J and Hansen and will deny the Motion on this ground.

B.  CONFERRAL OF BENEFIT

In a similar vein, Cal-Agrex argues that, because of LRM's agreements with R&J and Hansen, LRM cannot prove that it conveyed any benefit to Cal-Agrex or that the proceeds of any supposed benefit belongs in equity to LRM. Likewise, Cal-Agrex contends that because LRM paid nothing for the NDM it received from R&J and Hansen, it incurred no detriment and therefore cannot prevail on its claims.

The Court finds that these arguments go to the issue of damages, not whether Cal-Agrex can prevail on its unjust enrichment claim. Cal-Agrex's contentions that LRM never paid for the NDM and that LRM was only entitled to a flat fee of 14 cents per pound concern the amount, if any, LRM was damaged. Cal-Agrex is free to argue these points to the appropriate fact-finder, but the Court does not find that these contentions entitle Cal-Agrex to an entry of summary judgment in its favor. The Court will therefore deny the motion on these grounds.

IV.  LRM'S MOTION FOR SUMMARY JUDGMENT RE UNJUST ENRICHMENT

LRM moves this Court for an entry of summary judgment in its favor and against Cal-Agrex on its unjust enrichment claim. LRM contends that there remain no genuine issues of

material fact for this Court to resolve and that it can demonstrate each element of its unjust enrichment claim.

To prevail on its unjust enrichment claim, LRM must demonstrate that (1) LRM conferred a benefit upon Cal-Agrex, (2) Cal-Agrex was aware of the benefit, and (3) Cal-Agrex retained the benefit under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.[15]

The Court finds it undisputed that LRM has established the first two elements of its unjust enrichment claim. Cal-Agrex admits that it received 67 truckloads of NDM from LRM and that Cal-Agrex was aware that the NDM came from LRM. In its opposition, Cal-Agrex repeats the arguments made in support of its own Motion for Summary Judgment to argue that LRM already has an adequate remedy at law. For the reasons set forth above, the Court again rejects these arguments. Cal-Agrex further contends that LRM has not conferred a benefit on Cal-Agrex. The Court finds this contention contrary to Cal-Agrex's own admissions that it received 67 truckloads of NDM from LRM. Moreover, as discussed above, Cal-Agrex's contention that LRM did not confer a benefit upon Cal-Agrex actually concerns whether LRM was damaged, not whether LRM conferred a benefit.

As to the third element of LRM's unjust enrichment claim, the Court finds that a dispute remains as to whether Cal-Agrex retained the benefit under such circumstances as to make it inequitable for it to retain the benefit without payment of its value. In considering whether LRM can prevail on summary judgment on its unjust enrichment claim, the Court finds the Utah

---

[15]*Knight v. Post*, 748 P.2d 1097, 1100 (Utah 1988).

Supreme Court's announcement in *Commercial Fixtures & Furnishings, Inc. v. Adams* controlling:

> The mere fact that a third person benefits from a contract between two others does not make such third person liable in quasi-contract, unjust enrichment, or restitution. There must be some misleading act, request for services, or the like, to support such an action. Mere failure of performance by one of the contracting parties does not give rise to a right of restitution.[16]

In reviewing LRM's arguments that it would be inequitable for Cal-Agrex to retain the NDM without payment of its value, the Court finds that many of these do nothing more than allege that a third person—Cal-Agrex—benefitted. For example, LRM argues that Cal-Agrex never paid anyone for the NDM, and this alone creates an inequitable situation which requires judicial intervention. Under *Commercial Fixtures*, however, such is insufficient to prevail on an unjust enrichment claim.

As this Court alluded to in its Memorandum Decision and Order denying Defendant's Motion to Dismiss, LRM must demonstrate that Diomampo was an undisclosed agent acting on behalf of Cal-Agrex in dealing with LRM.[17] Further, LRM must demonstrate that Cal-Agrex and Diomampo's failure to disclose Diomampo's role as an agent for Cal-Agrex mislead LRM into believing Diomampo was the buyer when, in fact, Cal-Agrex was the actual buyer. Without this showing, LRM cannot prevail under *Commercial Fixtures*.

LRM contends that Cal-Agrex has admitted in a prior California proceeding that Diomampo was indeed Cal-Agrex's agent. From the Court's own review of the testimony,

---

[16]564 P.2d 773, 774 (Utah 1977).

[17]*See* Docket No. 27, at 5.

however, the Court finds that the testimony from the prior California proceeding demonstrates that Cal-Agrex used Diomampo as a broker for Cal-Agrex *sales*, but falls short of undisputedly proving that Diomampo ever served as a broker or agent for Cal-Agrex *purchases*. Competing evidence and inferences on this issue gives rise to a genuine issue of material fact that precludes summary judgment. The Court therefore will deny LRM's motion for summary judgment on the issue of Cal-Agrex's liability for unjust enrichment.

## V. LRM'S MOTION FOR SUMMARY JUDGMENT RE AFFIRMATIVE DEFENSES

LRM moves this Court for an entry of summary judgment in its favor on several of the affirmative defenses asserted by Cal-Agrex. The Court will address each of these in turn.

### A. CONTRACT-BASED AFFIRMATIVE DEFENSE

LRM moves for summary judgment in its favor on all of Cal-Agrex's affirmative defenses which presuppose a contractual relationship between LRM and Cal-Agrex. This Court has already established, and the parties have both admitted, that Cal-Agrex was not a party to the Diomampo Agreement and the parties have not entered into any other identifiable agreement. Moreover, this Court has already established that LRM did not breach the Agreement with Diomampo and was under no obligation to continue shipping NDM under the Diomampo Agreement.

The Court finds that Cal-Agrex's Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, Eighteenth, and Nineteenth Affirmative Defenses all presuppose that LRM and Cal-Agrex had a contract or that LRM was under a continuing obligation to ship NDM after LRM failed to receive payment for the NDM already shipped. The Court finds that it has already resolved these issues

in favor of LRM and will grant LRM's motion for summary judgment on these affirmative defenses.

B.     EQUITY-BASED AFFIRMATIVE DEFENSE

    *1.     Unclean Hands & Inequitable Conduct*

LRM moves for summary judgment on Cal-Agrex's affirmative defenses of unclean hands and inequitable conduct. In Utah, "a party who seeks an equitable remedy must have acted in good faith and not in violation of equitable principles."[18] Cal-Agrex asserts that LRM lied to Diomampo and Cal-Agrex when it told Diomampo and Cal-Agrex that the USDA had seized the remaining NDM under the Diomampo Agreement. Cal-Agrex argues that this "deceit in the business under consideration"[19] by LRM at least raises a genuine dispute of material fact to survive a motion for summary judgment. The Court agrees. To hold otherwise would require this Court to resolve disputed material facts, which this Court cannot do on summary judgment. Therefore, the Court will deny LRM's motion on Cal-Agrex's affirmative defenses of unclean hands and inequitable conduct.

    *2.     Estoppel*

LRM moves for summary judgment on Cal-Agrex's affirmative defense of estoppel. The defense of estoppel requires (1) a representation by LRM, (2) a change of position by Cal-Agrex, and (3) justifiable reliance upon such representation by Cal-Agrex to its detriment.[20] In opposing

---

[18]*Hone v. Hone*, 95 P.3d 1221, 1223 (Utah 2004).

[19]*Jacobson v. Jacobson*, 557 P.2d 146, 158 (Utah 1976).

[20]*See RJW Media, Inc. v. CIT Group/Consumer Finance*, 202 P.3d 291, 298 (Utah Ct. App. 2008).

LRM's Motion, Cal-Agrex argues that LRM lied to Diomampo and Cal-Agrex, which caused disruption of Cal-Agrex's business.

The Court simply is not persuaded that the facts asserted by Cal-Agrex fit within the traditional estoppel doctrine. As the Court understands Cal-Agrex's estoppel defense, Cal-Agrex argues that LRM deceived Cal-Agrex into believing that the USDA had seized the remaining NDM on the Diomampo Agreement, which deceit prompted Diomampo and Cal-Agrex's non-payment, which non-payment has led to detrimental litigation. Cal-Agrex argues that because of LRM's deceit, it is estopped from bringing its claim for unjust enrichment.

The Court cannot see how, even if true, LRM's misrepresentations estop LRM from pursuing its unjust enrichment claim. Instead, these allegations are more appropriately considered in Cal-Agrex's unclean hands and inequitable conduct defenses. The Court therefore finds that Cal-Agrex's estoppel defense fails as a matter of law and will grant LRM's motion on Cal-Agrex's Fifth Affirmative Defense.

3.  *Laches*

LRM moves for summary judgment on Cal-Agrex's affirmative defense of laches. To prevail on the defense of laches, defendant must "demonstrate that there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay."[21] Cal-Agrex brings forth facts to raise a genuine issue of material fact regarding when

---

[21]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 949 (10th Cir. 2002) (internal quotation marks and citation omitted).

LRM was aware of Cal-Agrex's involvement and whether LRM's delay was prejudicial to Cal-Agrex. The Court will, therefore, allow the defense to proceed to the appropriate fact-finder.

C. REMAINING DEFENSES

*1. Election of Remedies*

LRM moves for summary judgment on Cal-Agrex's affirmative defense of election of remedies. The Court notes that it has already considered, and rejected, this argument at the motion to dismiss stage of these proceedings.[22] There, the Court found that "the election of remedies doctrine does not bar LRM's claim against Cal-Agrex because LRM did not knowingly choose one remedy over another."[23] Cal-Agrex has brought nothing to the Court's attention to persuade it to depart from its prior ruling. Therefore, the Court will grant LRM's motion and enter judgment in favor of LRM on Cal-Agrex's Twelfth Affirmative Defense.

*2. Waiver and Express and Implied Consent*

LRM moves for summary judgment on Cal-Agrex's affirmative defenses of waiver and express and implied consent. Cal-Agrex argues that LRM waived its claims against Cal-Agrex, and/or expressly or impliedly consented to Cal-Agrex's involvement, when it anticipatorily breached the Diomampo Agreement and brought its contract action against Diomampo before the present action.

The Court finds that these defenses are merely a restatement of Cal-Agrex's contract-based affirmative defenses and its defense of election of remedies, all of which this Court has

---

[22]*See* Docket No. 27.

[23]*Id.* at 7.

already rejected. The Court, therefore, will grant LRM's Motion on Cal-Agrex's Fourth and Eleventh Affirmative Defenses.

### 3. *Unjust Enrichment*

LRM moves this Court for summary judgment on Cal-Agrex's Twenty-Fourth Affirmative Defense of unjust enrichment. The basis for Cal-Agrex's defense is that "any award to [LRM] would constitute unjust enrichment and is thus barred."[24] The Court simply cannot see how this defense applies to this action. Indeed, in its opposition to LRM's motion, Cal-Agrex simply reasserts its arguments as to why *LRM* is not entitled to summary judgment on *its* unjust enrichment claim. The Court, therefore, will grant LRM's Motion on Cal-Agrex's Twenty-Fourth Affirmative Defense.

### D. SUMMARY

The Court, therefore, will grant LRM's Motion as to Cal-Agrex's Fourth, Fifth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Eighteenth, Nineteenth, and Twenty-Fourth Affirmative Defenses and deny the Motion as to all others.

## VI. CAL-AGREX'S MOTION TO STRIKE

Cal-Agrex moves this Court to strike portions of LRM's declarations filed in support of its two Motions for Summary Judgment. The Court finds the objected-to language complies with the Rules of Evidence and Civil Procedure and will deny the Motion without prejudice. Cal-Agrex may reassert its objections to admissibility at later proceedings if it so desires.

---

[24]Docket No. 28, at 10.

## VII. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Cal-Agrex's Motion for Summary Judgment (Docket No. 85) is DENIED. It is further

ORDERED that Lehi Roller Mills, Inc.'s Motion for Partial Summary Judgment Re Defendant's Liability for Unjust Enrichment (Docket No. 76) is DENIED. It is further

ORDERED that Lehi Roller Mills, Inc.'s Motion for Partial Summary Judgment Re Defendant's Affirmative Defenses (Docket No. 80) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Cal-Agrex's Motion to Strike Portions of Lehi Roller Mills, Inc.'s Declarations in Support of Motions for Partial Summary Judgment and Request for Judicial Notice (Docket No. 109) is DENIED.

DATED   March 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge