IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEHI ROLLER MILLS CO., INC., a Utah corporation,<br><br>    Plaintiff,<br><br>        vs.<br><br>CAL-AGREX, INC., a California corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br><br>Case No. 2:06-CV-1001 TS |

    This matter is before the Court on Plaintiff's Motion for Attorney's Fees.[1] The case arises out of interactions between Plaintiff Lehi Roller Mills and Defendants Asian Trade Exponents, Cesar Diomampo, and Cal-Agrex. Plaintiff originally filed suit on December 1, 2006, alleging claims for breach of contract and unjust enrichment. On June 27, 2007, the Court issued a default judgment against Cesar Diomampo. Plaintiff filed suit against Cal-Agrex, alleging that it was Diomampo's undisclosed principal.

    Plaintiff prevailed at trial, with the Court finding that "Diomampo was acting as an agent for Cal-Agrex, his undisclosed principal."[2] Plaintiff now seeks, pursuant to Fed. R. Civ. P. 54(d)(2) and contracts between the parties, attorney's fees of $793,931.23. Defendant has not opposed Plaintiff's Motion.

---

[1] Docket No. 238.

[2] Docket No. 231, at 15.

1

The Tenth Circuit has stated:

> Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award. Of course, it may nevertheless, reduce the contractual attorney's fees claimed if it finds such an award would be inequitable and unreasonable.[3]

"In other words, the trial court's role is to determine if the claimed fees are inequitable or unreasonable. If so, the trial court has discretion to deny or reduce the fee award. However, the trial court is not responsible for independently calculating a 'reasonable' fee."[4]

Plaintiff has provided the invoices that provide for attorneys' fees associated with collecting the balance due. Plaintiff has also provided a detailed accounting of the fees and an affidavit supporting the rates charged. Defendant has not opposed this Motion, and the Court finds no reason that the claimed fees are unreasonable.

It is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees (Docket No. 238) is GRANTED.

DATED   June 22, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1549 (10th Cir. 1987) (citation omitted).

[4] *Id.*

2